## Pine Hill Road.

*Road law—Vacation of public road—Requirements of petition—Jurisdiction, Q. S.—Acts of June 13, 1836, and April 21, 1846.*

In order to give the court jurisdiction, a petition for the vacation of a public road under the Acts of June 13, 1836, P. L. 551, and April 21, 1846, P. L. 416, must either state specifically that the road was not laid out by act of assembly, or negative this exception by averring that the road was laid out under one of the methods prescribed by the acts authorizing vacation.

Exceptions to report of viewers. Q. S. Cumberland Co.

EDW. M. BIDDLE, JR., P. J.—On May 16, 1923, certain residents of North Middleton Township presented a petition, representing "that a certain public road, locally known as the Pine Hill Road, in the Township of North Middleton, . . . has become unnecessary, useless and inconvenient for public travel," and praying that the above mentioned road be vacated, and that viewers be appointed for this purpose. On the same date viewers were appointed as prayed for, who filed their report Aug. 31, 1923, finding that the road in question has

become useless and inconvenient and its maintenance burdensome to the township and recommending that the said road be vacated. This report was confirmed *nisi* Sept. 17, 1923, and on Nov. 10, 1923, J. Addison Wolf, a resident of said township and the owner of property affected by the proposed vacation of said road, filed five exceptions to the report of viewers, only two of which need be considered here (as the others were practically abandoned during the argument), being the first and fifth, which are as follows:

"1. The petition does not show whether or not the court has jurisdiction to vacate the said road, since the petition does not disclose whether or not the road was laid out by act of assembly; and the Act of April 21, 1846, P. L. 416, expressly excepts from the jurisdiction of the Court of Quarter Sessions the vacation of roads laid out by act of assembly.

"5. The viewers do not find that the road is not a road opened by act of assembly, nor do they even find that it was a public road. The fatal defect in the averments of the petition is, therefore, not helped by any findings of the viewers."

The proceeding is brought under section 18 of the Act of June 13, 1836, P. L. 551, giving the Court of Quarter Sessions authority to 'vacate the whole or any part of any private or public road which may have been laid out by authority of law, whenever the same shall become useless," etc., and under the 1st section of the Act of April 21, 1846, P. L. 416, extending the powers of the court "to all roads, whether laid out by authority of law or existing by prescription or lapse of time, and, generally, to all roads, except private roads, resting upon express grant, the evidence of which is still in existence, excepting in such counties as the power to lay out and vacate public roads is or may be vested in some other tribunal than in the Court of Quarter Sessions of the Peace, excepting, also, roads laid out by act of assembly, which are expressly exempted from the jurisdiction of said courts."

The contention of the exceptant is that, in order that this court may have jurisdiction, it is essential that the petition should disclose in what manner the road was laid out, and that it shall negative the possibility of its being a road laid out by act of assembly. The contention of the petitioners for the vacation of the road is that, as the petition avers that the road was a public one, this would, without more, confer jurisdiction on this court.

The industry of counsel has not brought to the attention of the court any determination by the appellate courts of the question involved, and the court has not been able to find any such adjudication of the contested matter. A number of decisions by the lower courts have been cited and these decisions certainly sustain the contention of the exceptant. In the case of Road in Drumore Township, 15 Dist. R. 625, Judge Hassler said: "Having, then, only authority to vacate a road (1) where it has been laid out by authority of law, (2) where it exists by prescription or lapse of time, and (3) all roads, except private roads, where their existence rests upon express grant, the evidence of which is still in existence, the court must be satisfied that the road which these proceedings propose to vacate comes within one of these three classes before it will order its vacation. The burden of showing this is on the petitioners. They are invoking the aid of the court, and they must satisfy it that what they ask is within its powers. The petition is the basis of the proceeding, and it must contain a statement of everything necessary to give the court jurisdiction to do what is asked of it."

The same judge, in discussing the same question in another case, said: "In order to give the court jurisdiction, it will be necessary for the petition to set forth how this road became a road. . . . Without some statement in

the petition showing that the road to be vacated is such a road as the legislature gives us power to vacate, this court does not have jurisdiction of the proceeding:" Road in East Hempfield Township (No. 2), 9 Northamp. Co. Repr. 239.

And again, in the case of another road, the same judge said: ". . . The act of assembly under which the proceedings are had only gives the court jurisdiction to vacate roads laid out in certain ways, and it is necessary, therefore, for the petitioners to show that the road proposed to be vacated is one that the statute authorizes courts to appoint viewers to vacate:" Road in Salisbury Township, 20 Dist. R. 735.

In all of these cases the court held that it was essential that the petition should show in what manner the road was laid out. The same question was raised in the case of Road in Salem Township, 23 Dist. R. 140, where Judge Williams considered all the cases above cited, and, while agreeing with the conclusion, did not agree with all the reasoning, holding that it was not necessary that the petition should show how the road was laid out, but that it was necessary to show that it was not laid out by act of assembly, saying: "Whether the road here in question is within the first, second or third class enumerated in said section cannot be determined from the petition. If said road was laid out by act of assembly, the court has no power to vacate it. Whether it was so laid out the petition does not state; hence, the jurisdiction of the court to vacate it does not appear, and cannot, therefore, be exercised."

As we view it, there is no essential difference between the rulings in the cases cited, because, while, according to the view of Judge Williams, it is necessary to state definitely that the road to be vacated was not laid out by act of assembly, yet if the jurisdiction appeared from what is set forth, that the road was laid out under one of the methods in which this court is authorized to lay out a road, it would follow by necessary inference that it was not a road laid out by act of assembly, so that the result would be actually the same, and we do not think that a technical objection, having no merit beyond the technicality, should be sustained.

It was argued with much force and ability by the learned counsel for the petitioners that the burden was on the exceptant to show that the road in question came within a class where this court would not have jurisdiction to act, and that the averment in the petition being that the road was a public road, jurisdiction would be presumed until it was shown that it came within the excepted class. No authorities were cited to sustain this position, and, after careful consideration of the matter, we are unable to agree with the reasoning of the learned counsel.

The jurisdiction of the Court of Quarter Sessions is statutory, and its power in regard to the vacation of roads is limited to that expressly conferred upon it by the legislature. Under such conditions, and in the analogous cases, the general rule, as we understand it, is that the jurisdiction of the court must affirmatively appear in the pleadings.

"But where the court is one of limited jurisdiction, the complaint must affirmatively show that the case is within the jurisdiction:" 31 Cyc., 104.

". . . It is very generally considered that there is no presumption of jurisdiction where a court, although it is one of general jurisdiction, exercises special statutory powers in a special statutory manner or otherwise than according to the course of the common law:" 15 Corpus Juris, 831.

"Jurisdiction over special statutory proceedings exercised in derogation of, or not according to, the course of the common law must appear:" 15 Corpus Juris, 843.

Pine Hill Road.

It may be noted, also, that the exceptions to the power of this court to vacate roads appear in the enacting clause of the Act of April 21, 1846, P. L. 416; and where this is the case the authorities, so far as we have been able to follow them, hold that the pleadings must show affirmatively that the case before the court does not come within the exception mentioned in the enacting clause of the statute.

"It follows that, in an action based on the statute, the pleadings must negative an exception contained in the enacting clause, as otherwise it cannot be seen that the general language of the statute embraces the particular case:" Endlich on Int. of Stat., 253, note 12.

"But if, on the other hand, these exceptions had been written out in full in the enacting clause, it would seem, under the same general rule, that they should have been negatived in the indictment:" Com. v. Shelly, 2 Kulp, 300; Com. v. Davenger, 2 Luzerne Legal Reg. 177.

In another proceeding for the vacation of the road in question, the report of viewers was set aside because the petition and report failed to set out properly the termini of the portion of the road to be vacated, although the viewers had reported in favor of the vacation; and, as another board of viewers again reports in favor of the vacation of the road, we are extremely reluctant to set that report aside on a technical objection, particularly as it was not averred or suggested that the road in question was, in fact, laid out by act of assembly; but our inclination in regard to this must yield to what we regard as the requirements of the case, and that view compels us to sustain the first and fifth exceptions filed to the report of the viewers.

And now, March 11, 1924, the first and fifth exceptions to the report of the viewers are sustained, and the report is set aside, the costs to be paid by the County of Cumberland.

From Francis B. Sellers, Carlisle. Pa.